IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARTEZ L. IRVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-00256-DGK |
| | ) | |
| KANSAS CITY, MISSOURI POLICE | ) | |
| OFFICER TERRENCE BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON MOTION TO DISMISS

This case arises from Plaintiff Martez Irvin sustaining wounds during an exchange of gunfire in the Westport neighborhood of Kansas City, Missouri. Plaintiff alleges that Officer Terrence Brown ("Officer Brown") of the Kansas City, Missouri Police Department ("KCPD") shot him without warning while Plaintiff was trying to defend himself after another individual had fired upon him. Am. Compl., ECF No. 21. Plaintiff has filed a three-count lawsuit against Defendants Officer Brown and the Kansas City Board of Police Commissioners (the "Board"), alleging a violation of 42 U.S.C. § 1983 (Count I), intentional infliction of emotional distress (Count II), and civil conspiracy (Count III). *Id.*

Now before the Court is Defendants' motion to dismiss for failure to state a claim. ECF No. 22. Defendants move to dismiss Counts II and III as well as the Board as a party to this lawsuit. *Id.* For the following reasons, Defendants' motion is GRANTED. Counts II and III are dismissed with prejudice, and the Board is dismissed from this case.

### Standard

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the

complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id*. In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

### Statement of Facts

On July 16, 2017, Plaintiff arrived in Westport to celebrate his birthday with his friends and brothers. When Plaintiff and his companions returned to their vehicles, they saw an unknown man staring at them. The man exchanged words with Plaintiff and his companions, and he then started firing shots at them. Two of Plaintiff's companions were struck. In defense of himself and his companions, Plaintiff grabbed a firearm from his vehicle and fired three shots at the man.

Officer Brown was nearby controlling traffic when he heard the gunshots. Officer Brown allegedly saw Plaintiff taking cover with his firearm and looking at the unknown man. Officer Brown fired multiple shots at Plaintiff, allegedly hitting him. Officer Brown allegedly did not identify himself as police officer, provide any verbal commands, or give Plaintiff a chance to surrender before he fired on him. Officer Brown then handcuffed Plaintiff, and he was transported to the hospital. Plaintiff spent several days in the hospital and suffered permanent injuries.

Plaintiff alleges that there have been "countless" shootings in the recent past where KCPD officers shot someone without identifying themselves or giving the person a chance to comply

before they used deadly force. Plaintiff further alleges that Officer Brown has also previously used excessive force against a minor without being held accountable. According to Plaintiff, the KCPD has failed to train officers, failed to hold them accountable, shown deliberate indifference, and had an unconstitutional custom or practice.

The Amended Complaint alleges three claims against Officer Brown and the Board, including: (1) a violation of § 1983; (2) a Missouri state law claim for intentional infliction of emotional distress; and (3) a Missouri state law claim for civil conspiracy. The Amended Complaint makes clear that Officer Brown "was acting in the course and scope of his employment" at all relevant times. Am. Compl. at ¶ 2. And at no point in the Amended Complaint does Plaintiff suggest, let alone say that any claims are brought against Officer Brown in his individual capacity. This lawsuit was first filed in the Circuit Court of Jackson County, Missouri on March 8, 2022. Defendants then removed to this Court, and Plaintiff amended his complaint.

## Discussion

Defendants move to dismiss Counts II and III as well as the Board as a party to the lawsuit. First, Defendants argue that Counts II and III against Officer Brown are time-barred. Second, Defendants argue that the Board is shielded from liability on the state law claims (Counts II and III) because of sovereign immunity. Third, Defendants argue that the Board is not a suable entity and must be dismissed from the entire lawsuit. The Court addresses each argument in turn.

### I. Counts II and III against Officer Brown are time-barred.

Defendants argue that Counts II and III are subject to a three-year statute of limitations because those claims are brought against Officer Brown for actions taken in the course of his official duties. Plaintiff argues that a longer statute of limitations period applies.

Counts II and III are each brought under Missouri state law. Under Missouri law, a three-year statute of limitations applies to "[a]n action against a sheriff, coroner or other officer, upon liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty . . . ." Mo. Rev. Stat. § 516.130.1. Missouri appellate courts as well as federal courts applying Missouri law have uniformly held that this provision applies to a municipal police officer's actions taken in his official capacity. *See Laramore v. Jacobsen*, 613 S.W.3d 466, 470–71 (Mo. Ct. App. 2020); *Dilley v. Valentine*, 401 S.W.3d 544, 553 (Mo. Ct. App. 2013); *see also Smith v. City of St. Charles, Mo.*, No. 4:21-CV-93-RWS, 2021 WL 5140268, at *3 (E.D. Mo. Nov. 4, 2021); *Franklin v. Saint Louis Cnty., Mo.*, 527 F. Supp. 3d 1060, 1074 (E.D. Mo. 2021); *Ryno v. City of Waynesville*, No. 6:20-CV-03378-MDH, 2021 WL 1062355, at *2 (W.D. Mo. Mar. 18, 2021). And contrary to Plaintiff's argument, the courts have also found that where, as here, the complaint's allegations clearly fall within the language of § 516.130.1, this more specific statute of limitation applies over the more general statute of limitations governing certain causes of action. *See Laramore*, 613 S.W.3d at 471.

Here, Plaintiff does not dispute that he filed suit more than four years after the shooting, when the statute of limitations began to run. The only question is whether § 516.130.1 applies, and that answer is yes. Plaintiff has pled himself into the ambit of § 516.130.1. He alleges that Officer Brown worked for the KCPD, and that he "was acting in the course and scope of his employment" at all relevant times. Am. Compl. at ¶ 2. And the other allegations make clear that Officer Brown allegedly shot Plaintiff while he was on duty in Westport. So Officer Brown was an "other officer" who was "doing an act in his official capacity" at the time of the shooting. That means both Count II and III are time-barred against Officer Brown, and they must be dismissed.

4

## II. Counts II and III against the Board are dismissed on sovereign immunity grounds.

Defendants argue that the state law claims against the Board (Counts II and III) should be dismissed based on sovereign immunity. Rather than respond to this argument, Plaintiff spends multiple pages explaining why the Board is a proper party to Count I. But Defendants reply that this response misses the mark since they are not seeking dismissal of Count I on that basis.

Defendants are correct. The Eighth Circuit has been clear that "[i]n Missouri, sovereign immunity is the rule rather than the exception." *Div. of Emp. Sec., Mo. v. Bd. of Police Comm'rs*, 864 F.3d 974, 980 (8th Cir. 2017) (holding that sovereign immunity shielded the Kansas City Board of Police Commissioners from liability on state law tort claims); *see also Holmes v. Kansas City Mo. Bd. of Police Comm'rs ex rel. Its Members*, 364 S.W.3d 615, 624 (Mo. Ct. App. 2012). "As a legal subdivision of the state, a board of police commissioners has sovereign immunity for the operation and maintenance of a police force." *Div. of Emp. Sec., Mo.*, 864 F.3d at 980 (internal quotation marks omitted).

It is well settled that Plaintiff has the burden to show that sovereign immunity from tort claims does not apply by showing his case fits within one of the exceptions to it. *See Newsome v. Kansas City, Mo. Sch. Dist.*, 520 S.W.3d 769, 775–76 (Mo. 2017). And it is equally well settled that "statutory provisions waiving sovereign immunity must be strictly construed." *Richardson v. State Hwy & Transp. Comm'n*, 863 S.W.2d 876, 880 (Mo. 1993). Those exceptions are: "(1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment; (2) where the injury is caused by the dangerous condition of the municipality's property; (3) where injury is caused by the municipality performing a proprietary function as opposed to a governmental function; and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for

5

acts covered by the policy." *Div. of Emp. Sec., Mo.*, 864 F.3d at 980 n.4 (quoting *Phelps v. City of Kansas City*, 371 S.W.3d 909, 912 (Mo. Ct. App. 2012)).

Both Counts II and III allege tort claims against the Board, and Plaintiff does not come close to pleading that any exception to sovereign immunity applies. In fact, Plaintiff does not make any argument in opposition on this point, which waives any argument against Defendants' position. *See Johnson Tr. of Operating Eng'rs Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 523 (8th Cir. 2020). Even if Plaintiff had made a specific argument on this point, it would have been futile. The most the Amended Complaint does is make passing reference that sovereign immunity does not apply. *See* Am. Compl. at ¶¶ 31, 36. That is not enough because the Amended Complaint does not specifically and plausibly plead which of the exceptions to sovereign immunity applies here. *See Gabriel v. Andrew Cnty., Mo.*, No. 5:18-CV-06158-DGK, 2019 WL 3210086, at *2 (W.D. Mo. July 16, 2019). So the Court finds that sovereign immunity shields the Board from liability on Counts II and III.[1]

### III. The Board is dismissed as it is not a suable entity.

Defendants argue that the Board must be dismissed from this case because caselaw makes clear that it is not a suable entity. Defendants further argue that Plaintiff must sue the Commissioners individually, which he has not done. Plaintiff never directly responds to this argument; he only argues that a § 1983 claim is possible against the Board.

The Eighth Circuit has been clear that the "St. Louis Board of Police Commissioners is not a suable entity;" "[j]urisdiction can only be obtained by suing its individual members." *Edwards*

---

[1] Even if the Court had not already dismissed Counts II and III against Officer Brown on statute of limitations grounds, it would have done so on alternative grounds. The Amended Complaint only alleges that the claims are brought against Officer Brown in his official capacity; there is not a single allegation that the Court could construe as bringing any claims against Officer Brown in his individual capacity. So Counts II and III would have been dismissed as redundant of the claims against the Board. *See Gabriel*, 2019 WL 3210086, at *2.

6

*v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988). Subsequent courts have applied this rationale to the Kansas City Board of Police Commissioners, as it is substantively the same as the St. Louis Board. *Stearns v. City of Kansas City*, No. 4:21-CV-662-HFS, 2022 WL 1438957, at *2 (W.D. Mo. Mar. 3, 2022) (collecting cases).

Much like the above basis for dismissal, Plaintiff has waived any argument against this basis because he never specifically responded to this argument or the cited caselaw. *See Charps Welding & Fabricating, Inc.*, 950 F.3d at 523. But again, even if he had done so, the law is clear that dismissal is appropriate here because Plaintiff has sued only the Board, not its members. The Board is thus dismissed as an entity from this lawsuit.

## Conclusion

For the foregoing reasons, Defendants' motion is GRANTED. Counts II and III are dismissed with prejudice, and the Board is dismissed from this case.

**IT IS SO ORDERED.**

Date:  June 6, 2023  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT